**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                     **Case No. 3:10cr30/MCR**

**ROBERT E. BOURLIER and
VICTORIA BOURLIER,**

      **Defendants.**

_____/

## ORDER

Pending before the court are Defendant Robert Bourlier's motions in limine[1] to exclude evidence of his prescribing practices with patients not charged in the indictment, including deceased patients, (doc. 178) and of numerous actual prescriptions written by him that were not charged in the indictment (doc. 177) and the Government's evidence summarizing those prescriptions, which the Government opposes (docs. 220 & 227).

The indictment charges that Dr. Bourlier engaged in Medicare fraud and also illegally prescribed controlled substances outside the usual course of medical practice, allegedly resulting in the deaths of two particular patients.  Dr. Bourlier argues that the Government should be precluded from introducing at trial evidence concerning additional patients who died but whose deaths are not charged in the indictment.  He also asserts the Government should be precluded from introducing statistical evidence regarding prescriptions written by him from 2004 through 2009.  Dr. Bourlier asserts that this evidence is irrelevant and would be unfairly prejudicial at trial.  *See* Fed. R. Evid. 401, 403.  He alternatively argues that the evidence should be prohibited as improper bad acts or character evidence under Rule 404(b).  In response, the Government argues that all patients not included in the indictment, including those that died, and the prescriptions not charged are relevant because Bourlier's treatment of all patients and his billing practices are inextricably intertwined with the charges, which involve both a scheme to defraud health care benefit

_____

[1]  Victoria Bourlier has joined in the motions.

programs and the illegal distribution of controlled substances.   According to the Government, the uncharged offenses are admissible because they arose out of the same transaction or series of transactions as the charged offenses; are necessary to complete the story of the crime; or are inextricably intertwined with the evidence regarding the charged offenses.  *See United States v. Mclean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Alternatively, they are admissible under Rule 404(b).  The court agrees.

The defendant's medical treatment of patients and his billing practices during the relevant time charged in the indictment are relevant because they are inextricably intertwined with the offenses charged.   Evidence of uncharged patient deaths and uncharged prescriptions within the same time period as the charged conduct is directly related to the issues of whether the defendant "committed health care fraud by prescribing excessive and inappropriate quantities and combinations of controlled substances outside the usual course of professional practice" and whether he is "relieved of liability under the Controlled Substances Act because he acted in the usual course of professional practice." *United States v. Merrill*, 513 F.3d 1293, 1303 (internal marks omitted).   It is not unfairly prejudicial as long as the Government presents sufficient evidence to support a verdict on the charges of the indictment and the uncharged conduct is not so extensive as to amount to "overkill" or guilt by association on counts that are insufficiently supported by evidence. *See United States v. Tran Trong Cuong*, 18 F.3d 1132, 1142 (4th Cir. 1994).   That determination will need to be made in context at trial but there is no reason to exclude the evidence at this time.

Alternatively, this evidence is arguably relevant under Rule 404(b).  Rule 404(b) evidence must satisfy a three-part test, which requires that the evidence be relevant to an issue other than character, that sufficient proof exists to show the defendant committed the prior act, and that its probative value is not outweighed by undue prejudice.  *See United States v. McNair*, 605 F.3d 1152, 1203 (11th Cir. 2010), *cert. denied* 131 S. Ct. 1600 (2011).   To the extent it may be argued that each prescription or bill is uncharged misconduct the evidence may be admissible to show a plan or scheme.  *See Merrill*, 513 F.3d at 1303 (internal marks omitted).

Defendant also objects to the methodology and statistics that the Government may

introduce regarding the uncharged prescriptions, asserting that examining prescriptions *en mass* does not support an inference of prescription practices outside the course of professional conduct.   Defendant requests a hearing to determine the reliability and relevance of the Government's statistical evidence.   *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).   The Government asserts that it is not seeking to admit expert statistical analysis but a summary of prescriptions written by Dr. Bourlier.   The court will hear the parties' arguments on this issue at the pretrial conference.

Accordingly, it is hereby ORDERED that Defendants' motion in limine to exclude evidence of uncharged patients (doc. 178) is DENIED, and the court defers ruling on Defendants' motion in limine to exclude evidence regarding uncharged prescriptions (doc. 177).   Additionally, the court will take up Defendant's motion in limine concerning Rule 404(b) evidence (doc. 175) and the Government's response at the pretrial conference.

**DONE and ORDERED** this 23rd day of April, 2011.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**